UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 19-cv-24578-KMW

LAURENCE ADAMS,

    Plaintiff,

v.

CARNIVAL CORPORATION, CARNIVAL PLC,
And RF ADVENTURE ST. MAARTEN NV

    Defendants.
_____/

## ANSWER AND AFFIRMATIVE DEFENSES

Defendants, CARNIVAL CORPORATION and CARNIVAL PLC, (collectively, "Carnival"), by and through undersigned counsel, pursuant to the Federal Rules of Civil Procedure, hereby files this Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint [DE 61], and states as follows:

### PRELIMINARY ALLEGATIONS

1.     Without knowledge, therefore denied.

2.     Admitted for purposes of this litigation only.

3.     Denied.

4.     Admitted that Carnival Corporation and Carnival PLC maintain a dual-listed company structure in which both are separate legal entities. All else denied.

5.     Without knowledge, therefore denied.

6.     Admitted that this matter falls under the admiralty and maritime jurisdiction of this Court. Otherwise, without knowledge, therefore denied.

7. Admitted that this matter arises under the general maritime law of the United States. All else denied.

8. Admitted that this Court has personal jurisdiction over Carnival for purposes of this litigation only. All else denied.

9. Admitted that this Court has personal jurisdiction over Carnival for purposes of this litigation only. All else denied.

10. Without knowledge, therefore denied.

11. Without knowledge, therefore denied.

## FACTS COMMON TO ALL COUNTS

12. Admitted.

13. Admitted that Carnival was the operator of the subject cruise ship. All else is denied.

14. Admitted that RF Adventure St. Maarten NV (*hereinafter*, "RF Adventure") operated the "Sky Explorer & Flying Dutchman" excursion (*hereinafter*, "the subject excursion") and that Carnival sold the excursion as a convenience to its passengers. All else denied.

15. Admitted that the subject excursion is located at the Rockland Estate eco-park in St. Maarten. All else denied.

16. Admitted.

17. Denied.

18. Denied.

19. Admitted that RF Adventure provided Carnival a description of the subject excursion. All else denied.

20. Denied.

21. Denied including all sub-sections.

22. Admitted that Carnival's website included promotional material and information regarding the subject excursion. All else denied.

23. Admitted that Carnival's website included reviews of the subject excursion. All else denied.

24. Denied.

25. Denied.

26. Admitted that Plaintiff purchased a ticket for the subject excursion from Carnival and that Carnival received a portion of the ticket price. Otherwise without knowledge, therefore denied .

27. Denied.

28. Denied.

29. Admitted that Plaintiff participated in the subject excursion on or about November 14, 2018 and that it was solely operated by RF Adventure. All else denied.

30. Without knowledge; therefore, denied.

31. Denied.

32. Without knowledge, therefore denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied including all sub-sections.

## COUNT I – MISLEADING ADVERTISING IN VIOLATION OF
## FLORIDA STATUTE § 817.41 AGAINST DEFENDANTS

Carnival herein adopts and incorporates by reference paragraphs 1-38.

39. Denied.

40. Admitted that RF Adventure provided Carnival a description of the subject excursion. All else denied.

41. Denied.

42. Denied including all sub-sections.

43. Denied.

44. Denied including all sub-sections.

45. Denied.

46. Denied.

47. Denied.

Prayer for relief: denied.

## COUNT II – NEGLIGENT MISREPRESENTATION AGAINST CARNIVAL

Carnival herein adopts and incorporates by reference paragraphs 1-38.

48. Denied.

49. Denied.

50. Denied including all sub-sections.

51. Denied including all sub-sections.

52. Denied.

53. Denied.

54. Denied.

Prayer for relief: denied.

## COUNT III – NEGLIGENT SELECTION AND/OR RETENTION AGAINST CARNIVAL

Carnival herein adopts and incorporates by reference paragraphs 1-38.

55. Denied as an incomplete statement of law.

56. Denied as an incomplete statement of law.

57. Denied as an incomplete statement of law.

58. Denied including all sub-sections.

59. Denied including all sub-sections.

60. Denied.

61. Denied.

Prayer for relief: denied.

## COUNT IV – NEGLIGENT FAILURE TO WARN AGAINST CARNIVAL

Carnival herein adopts and incorporates by reference paragraphs 1-38.

62. Denied as an incomplete statement of law.

63. Denied as an incomplete statement of law.

64. Admitted that Plaintiff participated in the subject excursion on or about November 14, 2018. All else denied.

65. Denied including all sub-sections.

66. Denied.

67. Denied.

68. Denied including all sub-sections.

69. Denied.

Prayer for relief: denied.

## COUNT V – GENERAL NEGLIGENCE AGAINST CARNIVAL

Carnival herein adopts and incorporates by reference paragraphs 1-38.

70. Denied as an incomplete statement of law.

71. Denied including all sub-sections.

72. Denied including all sub-sections.

73. Denied including all sub-sections.

74. Denied.

Prayer for relief: denied.

## COUNT VI – NEGLIGENCE AGAINST RF ADVENTURE ST. MAARTEN NV

This allegation is brought against Defendant RF Adventure. To the extent any allegation herein is brought against Carnival, any such allegation is denied.

## COUNT VII – NEGLIGENCE AGAINST CARNIVAL
## BASED ON APPARENT AGENCY OR AGENCY BY ESTOPPEL

Carnival herein adopts and incorporates by reference paragraphs 1-38.

82. Denied.

83. Denied.

84. Denied including all sub-sections.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

Prayer for relief: denied.

## COUNT VIII – NEGLIGENCE AGAINST DEFENDANTS BASED ON JOINT VENTURE BETWEEN CARNIVAL AND RF ADVENTURE ST. MAARTEN NV

Carnival herein adopts and incorporates by reference paragraphs 1-38.

90. Denied.

91. Admitted that Carnival and RF Adventure entered into a contract for RF Adventure to operate the subject excursion. All else denied.

92. Admitted that Carnival sold tickets for the subject excursion as a convenience to its guests and that RF Adventure operated the subject excursion and retained a portion of the ticket price. All else denied.

93. Admitted that Carnival sold tickets for the subject excursion as a convenience to its guests and that RF Adventure operated the subject excursion and retained a portion of the ticket price. All else denied.

94. Denied.

95. Admitted that Carnival derives profit from the sale of shore excursions. All else denied.

96. Denied.

97. Admitted that Carnival derives profit from the sale of shore excursions. All else denied.

98. Denied.

99. Denied.

100. Denied including all sub-sections.

101. Denied.

102. Denied.

Prayer for relief: denied.

## COUNT IX – THIRD-PARTY BENEFICIARY

This cause of action has been dismissed by the Court. [DE 59].

## **AFFIRMATIVE DEFENSES**

As separate, complete, and affirmative defenses to the Second Amended Complaint and each of its purported causes of action, based upon information and belief, Carnival states as follows:

### FIRST AFFIRMATIVE DEFENSE

Carnival alleges federal maritime law, to the exclusion of state law, controls this action, and that any recovery is limited by same.

### SECOND AFFIRMATIVE DEFENSE

Carnival alleges that this action is governed by, and subject to, the terms, limitations, and conditions contained within the Plaintiff's passenger ticket contract. Carnival adopts and incorporates all of the terms, limitations, and conditions contained in the passenger ticket contract in its entirety into its Answer by reference.

### THIRD AFFIRMATIVE DEFENSE

Carnival alleges that it has fulfilled its duty of reasonable care to Plaintiff and as such, Plaintiff is unable to recover.

### FOURTH AFFIRMATIVE DEFENSE

Carnival alleges that it had no notice, actual, constructive, or otherwise, of any dangerous conditions which Plaintiff alleges were the proximate cause of Plaintiff's injuries and as such, Carnival is not liable to Plaintiff based on a theory of negligence and Plaintiff is unable to recover.

### FIFTH AFFIRMATIVE DEFENSE

Carnival alleges that it did not create any dangerous or defective condition, at any time during Plaintiff's cruise, if ever.

### SIXTH AFFIRMATIVE DEFENSE

Carnival alleges Plaintiff knew of the existence of any alleged danger complained of in the Second Amended Complaint, realized and appreciated the possibility of injury as a result of the danger, and, having a reasonable opportunity to avoid it, voluntarily exposed himself to the same.

### SEVENTH AFFIRMATIVE DEFENSE

Carnival alleges Plaintiff's injuries were proximately caused by the conduct of third parties, not subject to the control, supervision or direction of Carnival, thereby precluding or diminishing Plaintiff's recovery.

### EIGHTH AFFIRMATIVE DEFENSE

Carnival alleges that Plaintiff's injuries were the result of superseding, intervening, and/or unforeseeable causes, thereby precluding or diminishing Plaintiff's recovery.

### NINTH AFFIRMATIVE DEFENSE

Carnival alleges that, to the extent that the Plaintiff's Second Amended Complaint alleges that a dangerous condition existed, any such condition was an open and obvious condition that Plaintiff did or should have observed and comprehended. As such, any recovery of Plaintiff's herein is barred or should be reduced accordingly.

### TENTH AFFIRMATIVE DEFENSE

Carnival alleges that Plaintiff has failed to mitigate his damages, if any, thus precluding or diminishing Plaintiff's recovery herein to the extent such mitigation would have diminished or avoided Plaintiff's alleged losses or injuries.

## ELEVENTH AFFIRMATIVE DEFENSE

Carnival alleges that Plaintiff's alleged injury is the result of a pre-existing injury or condition which was not aggravated by the alleged accident claimed herein. Alternatively, if any pre-existing injury or condition was aggravated by any alleged injuries herein, Plaintiff is only entitled to reimbursement for the degree of aggravation, and any recovery must be limited to the percentage of aggravation suffered as a result of the incidents alleged herein.

## TWELFTH AFFIRMATIVE DEFENSE

Carnival alleges, without admitting liability, that in the event that Plaintiff should recover on his claims, Carnival would be entitled to a set-off, off-set, and/or reduction for any and all collateral source benefits, wither paid or payable to Plaintiff. Plaintiff is not entitled to a windfall recovery based on the difference between what was billed and what was actually paid by him or an insurer.

## THIRTEENTH AFFIRMATIVE DEFENSE

Carnival alleges that Plaintiff's Second Amended Complaint, and each purported cause of action therein, fails to state facts sufficient to constitute a cause of action against Carnival.

Dated: September 24, 2020
    Miami, Florida

        Respectfully submitted,
        **FOREMAN FRIEDMAN, PA**
        BY: /s/ *Noah D. Silverman*

        Jeffrey E. Foreman, Esq.
        Florida Bar No. 0240310
        jforeman@fflegal.com
        Noah D. Silverman, Esq.
        Florida Bar No. 401277
        nsilverman@fflegal.com
        Lauren Rose, Esq.
        Florida Bar No. 115743
        lrose@fflegal.com
        One Biscayne Tower, Suite 2300
        2 South Biscayne Boulevard

Miami, FL 33131<br>
Phone: 305-358-6555<br>
Fax: 305-374-9077<br>
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 24, 2020 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

BY: /s/ *Noah D. Silverman*
Noah D. Silverman, Esq.

**SERVICE LIST**

| | |
|---|---|
| LIPCON, MARGULIES, ALSINA & WINKLEMAN, P.A.<br>JASON R. MARGULIES<br>Florida Bar No. 57916<br>jmargulies@lipcon.com<br>JACQUELINE GARCELL<br>Florida Bar No. 104358<br>jgarcell@lipcon.com<br>L. ALEX PEREZ<br>Florida Bar No. 125452<br>aperez@lipcon.com<br>One Biscayne Tower, Suite 1776<br>2 South Biscayne Boulevard<br>Miami, Florida 33131<br>Telephone No.: (305) 373-3016<br>Facsimile No.: (305) 373-6204<br>*Attorneys for Plaintiff* | Jeffrey E. Foreman, Esq.<br>jforeman@fflegal.com<br>jmaganini@fflegal.com<br>Noah D. Silverman, Esq.<br>nsilverman@fflegal.com<br>pcampo@fflegal.com<br>Lauren Rose, Esq.<br>lrose@fflegal.com<br>FOREMAN FRIEDMAN, PA<br>One Biscayne Tower – Suite #2300<br>2 South Biscayne Boulevard<br>Miami, Florida 33131<br>Tel: 305-358-6555/ Fax: 305-374-9077<br>*Attorneys for Defendant, Carnival*<br><br>Jerry D. Hamilton, Esq.<br>jhamilton@hamiltonmillerlaw.com<br>Carlos J. Chardon, Esq.<br>cchardon@hamiltonmillerlaw.com |

|  | Spencer B. Price, Esq.<br>sprice@hamiltonmillerlaw.com<br>HAMILTON, MILLER & BIRTHISEL, LLP<br>150 Southeast Second Avenue, Suite 1200<br>Miami, Florida 33131<br>Telephone: (305) 379-3686<br>Facsimile: (305) 379-3690<br>*Attorneys for Defendant, RF Adventure* |
|---|---|